**UNITED STATES of America,**
**Appellee,**

v.

**Hector CURIEL–GALINDO, Appellant.**

**No. 05–1246.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 21, 2005.

Decided: Sept. 27, 2005.

Christian A. Martinez, U.S. Attorney's Office, Omaha, NE, for Appellee.

Jessica L. Milburn, Federal Public Defender's Office, Omaha, NE, for Appellant.

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

PER CURIAM.

Hector Curiel–Galindo pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). In a written plea agreement under Federal Rules of Criminal Procedure 11(c)(1)(C) (authorizing parties to stipulate to specific sentence; stipulation binds court once it accepts plea agreement), the parties agreed Curiel–Galindo should be sentenced to 6 months in prison for the violation. After accepting Curiel–Galindo's guilty plea and plea agreement, the district court[1] sentenced him to 6 months impris-

1. The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the    District of Nebraska.

onment and 3 years supervised release. On appeal, counsel has moved to withdraw and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that Curiel–Galindo's 6–month sentence is unreasonable.

We find that Curiel–Galindo cannot properly challenge his sentence because he stipulated in his plea agreement to a sentence of 6 months. *See United States v. Nguyen,* 46 F.3d 781, 783 (8th Cir.1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal).

Having reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, and we also grant counsel's motion to withdraw.